JAMES E. DOUGLAS

*vs.*

IDA E. BURNHAM.

Cumberland. Opinion Sept. 11, 1928.

*Harry E. Nixon,*
*Simon W. Moulton,* and
*Jacob H. Berman,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PAT-
TANGALL, JJ.

BARNES, J. On January 28, 1927, defendant gave her promissory note to plaintiff, for $2,500 dollars, on three months' time, with interest. At the trial, in November of the same year, plaintiff recovered a verdict for the face and interest.

The defendant attacks the verdict on the general motion for a new trial.

The issues submitted to the jury were whether the defendant's signature to the note was gained through fraud; and whether there was what is known in law as a consideration for the promise in the note. The facts seem to be that having a note for $2,500 against a man who had left this state, on which note the defendant, mother of the absentee, was an indorser, the plaintiff presented the note to the indorser and was met with a denial of her signature.

Subsequently the plaintiff returned to the defendant and got from her the note in suit, giving up to her the note which she had indorsed for her son.

It appears from the testimony that at a time within three years of his disappearance the maker of the indorsed note was the owner of real property, and a man to whom the plaintiff was willing to loan money on the security of notes signed with him by his wife or his mother. There is testimony that since his disappearance bankruptcy proceedings were instituted against him, but the testimony goes no further in this regard.

The jury were therefore justified in concluding that the note surrendered to the defendant on her promise to pay, as evidenced by the note in suit, had value.

And they were properly instructed that the adequacy or sufficiency of the consideration is not the test.

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration;" and "Value is any consideration sufficient to support a simple contract."

Negotiable Instruments Law of Maine, Laws of 1917, Chap. 257, Paragraphs 24 and 25.

"Any consideration, however small, in the absence of fraud, is sufficient to support a promise. It may arise from a benefit to the promisor, or a loss or injury to the promisee."

*Goodspeed* v. *Fuller*, 46 Me., 141.

It is true that the defendant is a woman, and that she was sixty-nine years of age when she executed the note in suit and received the note that she had indorsed.

It is true that the indorsed note was overdue when presented to defendant, but from the record one would conclude that neither the payee nor the indorser knew that the latter was not then holden to pay the note, a fact that is of slight importance in deciding the case and one fully and correctly treated by the judge in his charge.

The judge also instructed the jury that if fraud was used in obtaining the note in suit, no recovery could be had.

The jury heard each party testify to the several conferences in regard to the note, and decided that fraud was not used in procuring it.

We do not find the existence of fraud.

Hence the mandate must be,

*Motion overruled.*